Friedman *v.* Allegheny County Health Department, et al.

Argued June 5, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Edward B. Friedman,* with him *Arnold M. Friedman,* for appellant.

*John M. Elliott,* with him *William T. Coleman, Jr., Jeffrey A. Less,* and, of counsel, *John H. Scott, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE KRAMER, July 28, 1972:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County denying the prayer of a Petition requesting that a pending action for possession of leasehold premises be enjoined.[1] The appeal to this Court was taken by Edward B. Friedman, Esquire (Friedman), a tenant in the subject premises, who appeared in propria persona. The procedural facts are quite complicated, and owing to the several and varied lawsuits filed by the parties herein, some of which are directly related to our ruling in this case, we find it necessary to set forth a chronology of events, so as to aid the reader in an understanding of our disposition.

1. On July 9, 1970, Edward Friedman entered into a one-year lease with the Pittsburgh-Duquesne Development Company (appellee) for an apartment in a building known as Cricklewood Hill, located in the City of Pittsburgh, said lease commencing September 1, 1970, and terminating on August 31, 1971. The record does not show how title to the subject realty was transferred to the Prudential Insurance Company of America (Prudential), a New Jersey corporation, registered to engage in business activities in the Commonwealth of Pennsylvania. In any event, at the time of the institution of the legal actions herein described, Prudential was the owner and operator of Cricklewood Hill. The lease specifically provided, inter alia, "Any renewal of this lease must be by a written agreement signed by both parties hereto."

2. On August 27, 1971, the rental agent for Prudential sent a letter to Friedman (received August 28, 1971) offering to extend the lease from September 1,

---

[1] Although the caption of the case in the lower court shows the name of Sallie Ann Radick as an appellant, the appeal to this Court was taken solely by Edward B. Friedman.

1971 to September 30, 1971. The record does not show Friedman's response to this letter.

3. On September 28, 1971, Friedman as a party-plaintiff filed a class action on behalf of all the tenants of Cricklewood Hill, by a Complaint in Equity against Prudential in the Court of Common Pleas of Allegheny County at No. 3345 October Term, 1971, seeking, inter alia, to enjoin the eviction of any tenants, to recover damages and to have the then existing leases declared invalid.

4. On the same date, September 28, 1971, Friedman obtained an ex parte injunction from Judge J. WARREN WATSON enjoining Prudential from evicting any tenant from Cricklewood Hill pending further order of court.

5. On October 1, 1971, two sanitary inspectors from the Bureau of Environmental Health (Bureau) of the Health Department of Allegheny County inspected Cricklewood Hill, and determined by a signed report that there were certain violations of Bureau regulations. Thereafter the report was referred to the Plumbing Division and Bureau of Electricity of the County, after which the Bureau determined that under the regulations of the Bureau the provisions of the "Rent Withholding Act," Act of January 24, 1966, P. L. (1965) 1534, Section 1, as amended, 35 P.S. 1700-1, should be enforced.

6. On October 8, 1971, Judge CHARLES McCARTHY, at No. 3345 October Term, 1971, issued an Order modifying Judge WATSON's injunction by terminating it at midnight November 30, 1971. No appeal was taken from Judge McCARTHY's Order.

7. On October 22, 1971, Prudential sent a letter to Friedman (received October 26, 1971), notifying Friedman that he was expected to vacate his apartment on or before December 1, 1971.

8. On October 27, 1971, Friedman appeared at the offices of the Health Department to assert his rights under the Rent Withholding Act, and was issued a rent withholding card, under which Friedman, as a tenant, was entitled to place his monthly rental payment in an escrow account in the Mellon National Bank & Trust Company, pending corrective and remedial steps to be taken by Prudential.

9. On November 1, 1971, an administrator for the Board of Health sent a letter to Friedman stating that there was no justification for the certification to withhold rent for any of the tenants (other than one enumerated, who was not Friedman) of Cricklewood Hill. The letter specifically stated that the rent withholding provisions would be denied to Friedman.

10. On November 29, 1971, another letter was sent by a County official from the "Rent Withholding Section" to Friedman, stating that Friedman's apartment was not part of the certification made by the County, and that, therefore, the rent withholding card had been issued to Friedman in error. The letter further requested directions from Friedman as to the disposition of the one month's rent that had been deposited by him into the escrow account at Mellon Bank.

11. On November 30, 1971, Friedman approached two different Judges of the Court of Common Pleas with a request for an ex parte extension of the October 8, 1971, Order of Judge McCarthy, and he was refused. No appeal was ever taken from Judge McCarthy's Order.

12. The record is devoid of any indication that Friedman ever requested a hearing before the Health Department concerning the County letters (mentioned in paragraphs 9 and 10 above).

13. On November 30, 1971, Friedman, as a party-plaintiff, filed a statutory appeal at No. S. A. 856 of

1971, in the Court of Common Pleas of Allegheny County in which he prayed for a reversal of the decision of the Health Department or Bureau of Environmental Health as contained in its November 1, 1971, letter mentioned above.

14. On December 1, 1971, Prudential, acting through its rental agent, brought an action for possession of the premises of Friedman. This action was voluntarily dismissed without prejudice and a new action was instituted seeking the same relief on December 16, 1971, at No. 3204 January Term, 1972, in the Court of Common Pleas of Allegheny County.

15. On December 6, 1971, Friedman filed a second statutory appeal at No. S.A. 868 of 1971 in the Court of Common Pleas, which appeal is directed primarily to the second letter of the County, noted in paragraph 10 above. In this appeal, Friedman sought the reversal of the County decision, as noted in its letter of November 29, 1971. In addition, he sought the stay of all proceedings on the recertification by the County of Cricklewood Hill and on the closing of the escrow accounts. He also sought the consolidation of this second appeal with the first appeal. On that same date, December 6, 1971, Judge EDWARD J. MARTIN signed an Order, on an ex parte presentation, in which the Judge stayed all the proceedings, ordered the Bureau and Prudential not to close Friedman's escrow account, and consolidated the two statutory appeals.

16. On this same date, December 6, 1971, Friedman filed at No. S.A. 856 of 1971 a "Petition To Enjoin Action For Possession Of Leasehold Premises," and Judge JOHN P. HESTER, on that same date, set the matter down for hearing on December 8, 1971.

17. On December 8, 1971, a hearing was called before Judge HESTER, which the record indicates consisted of argument by counsel for all the parties. It is interesting to note that during the argument another law-

suit was brought to light, in that there is mention of a Complaint in Mandamus filed at No. 2246 January Term, 1972, in the Court of Common Pleas of Allegheny County, but no mention is made of the status of that case. Following this hearing and on the same date, Judge HESTER signed an Order refusing the prayer of the Petition requesting that the action for possession of the leasehold premises be enjoined. It is from this Order that Friedman filed an appeal in this Court on January 7, 1972.

18. We must add that the record also indicates that on December 1, 1971, Prudential filed an action before a justice of the peace to evict Friedman. The status of this particular action is not clearly disclosed in the record. However, it may be inferred that this action, which was commenced December 1, 1971, before the justice of the peace, has a bearing on the second eviction action filed by Prudential on December 16, 1971, at No. 3204 January Term, 1972 (mentioned in paragraph 14 above).

It is the contention of Friedman that Judge HESTER abused his discretion in refusing to enjoin his eviction at a time when he is a tenant paying his rent into an escrow account under the provisions of the Rent Withholding Act. That Act states, *inter alia*: "Notwithstanding any other provision of law, or of any agreement, whether oral or in writing, whenever . . . the Department of Public Safety of any city of the second class . . . or any Public Health Department of . . . such city, or of the county in which the city is located, certifies a dwelling as unfit for human habitation, the duty of any tenant of such dwelling to pay, and the right of the landlord to collect rent shall be suspended without affecting any other terms or conditions of the landlord-tenant relationship, until the dwelling is certified as fit for human habitation or until the tenancy is terminated for any reason other than nonpayment of rent.

... [After providing for the escrow payments] ... No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow." 35 P.S. §1700-1. Although the parties hereto have raised many possible issues before this Court, our scope of review must be restricted to the Order of Judge HESTER (dated December 8, 1971), refusing the Petition To Enjoin Action For Possession Of Leasehold Premises. Although it may be tempting to pass upon the issues of whether Friedman was a tenant after August 31, 1971, or October 1, 1971, or December 1, 1971, and whether the County had the power to revoke its rent withholding certification to correct a mistake, these issues are not before the Court. It is our observation that every argument that Friedman has raised in this case can be raised by way of preliminary objection[2] and by way of defense within the framework of the existing lawsuits pending before the Court of Common Pleas of Allegheny County. Friedman has not proven or argued one point for which he has not an adequate remedy at law. The issues he raises before this Court can be raised in any lawsuit brought to evict him from his apartment in Cricklewood Hill. Without passing upon the merits of the case, we can't help but observe that these protracted and vexatious lawsuits are unfair to someone, whether to Friedman or Prudential is presently unknown. We urge the lower court to proceed immediately with the pending action so that justice may be done. Although we do not have the benefit of an opinion by the court below supporting its Order, the record before us fails to establish any abuse of discretion or error of law.

---

[2] It is interesting to note that after Judge HESTER refused the requested injunction on December 8, 1971, Friedman filed Preliminary Objections in the lawsuit at No. 3204 January Term, 1972, in which he raises the question of his position as a tenant under the Rent Withholding Act as a jurisdictional defense.

The various proceedings in this case serve as examples of the means by which the courts in this Commonwealth are faced with the tremendous backlog of cases to be tried. To date, the services of twelve judges have been involved in the matters at issue. We deplore the use of the courts as a negotiating tool to solve landlord and tenant disputes.

At 35(a) of the record, Friedman stated: "The conditions are such that I certainly will consider moving out when this is determined, but our feeling is that we have a situation which has been where we have been treated unfairly, and we are just not about to walk out in the middle and be pushed. It is as simple as that." On balance, the party involved in these various lawsuits which has been unreasonably pushed is the judiciary.

The Order of the court below is affirmed.